IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOY STAN,** *also known as* **JOY ONYEDEBELU** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:22-cv-907-ALM-KPJ |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB,** *et al.*, | § § § § | |
| **Defendants.** | § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Plaintiff Joy Stan's[1] ("Plaintiff") Emergency Complaint and Request for Expedited Injunction (Dkt. 1) (the "Emergency Complaint") and Motion for an Emergency Ex Parte Temporary Restraining Order and/or Preliminary Injunction (Dkt. 4) (the "Emergency Motion"). For the reasons that follow, the Court recommends Plaintiff's request for a temporary restraining order or injunction be **DENIED**. To the extent Plaintiff is requesting expedited consideration of her Emergency Complaint (Dkt. 1), the Court **DENIES** Plaintiff's request for expedited consideration.

I.   **BACKGROUND**

On October 20, 2022, Plaintiff filed the Emergency Complaint. *See* Dkt. 1. In the Emergency Complaint, Plaintiff, proceeding *pro se*, asserts the following:

> **This is an emergency complaint** and failure to docket and issue any order[,] temporary orders or injunctions today will lead to imminent and irreparable harm from happening to my family.

---

[1] While unclear from Plaintiff's filings, it appears Plaintiff is bringing a claim for herself, Joy Onyedebelu, and her husband, Stan Onyedebelu.

1

*Id.* at 7. Plaintiff asserts Defendants Wilmington Savings Fund Society, FSB ("Wilmington"),[2] FCI Lender Services, Inc. ("FCI Lender Services, Inc."), and Residential Credit Opportunities Trust (together, "Defendants") have committed "Fraud, Wrongful foreclosure, Violations in Bankruptcy proceedings[,] Violations in court issue mandates and orders." *Id.* at 5. Plaintiff alleges under the heading "What date and approximate time did the events giving rise to your claim(s) occur?" as "August 5, 2019 at 2 pm – estimate." *Id.* at 4. Additionally, Plaintiff alleges under the heading "Irreparable Injury" the following:

> Because of all the issue[s] faced with the property, I, and my family have suffered daily harm since the inception of the case and the manner at which – Banking institu[t]ions are able to pursue said case. I and my family have not been allowed the chance to have many aspect[s] of their case heard. Because of this, I, and my family will be on the street tomorrow morning. This is a matter of life and death to my family.

*Id.* at 5. Under the heading "Relief", Plaintiff requests "the title/possession of their home to issue back to Plaintiff, the cost of legal fees be accessed[] and damages up to $1,400,000.00." *Id.* As support for the basis of the Court's jurisdiction, Plaintiff cites to "Regulation X of the Code of Federal Regulations established by the Consumer Financial Protection Bureau, 12 C.F.R. 8 1024.41 et seq – Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. [Section] 26056), Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. [Section] 26056,- 12 C.F.R. 8 617.700 – Regulation X, 12 C.F.R. [Section] 1024(f)(2)(i)." *Id.* at 3.

On October 21, 2022, Plaintiff filed the Emergency Motion, wherein Plaintiff requests:

a. Monetary relief of $1,000,000 or more, including damages of any penalties, costs, expenses, pre-judgment interest, and attorney fees; and,
b. Declaratory relief concerning her real property rights and interests based on federal rules.

---

[2] Plaintiff refers to Wilmington Savings Fund Society, FSB as Owner Trustee of the Residential Credit Opportunities trust V-C as "Carrington" in her Emergency Motion. *See* Dkt. 4 at 2–3. However, it is not clear if Carrington and Wilmington are the same entity. Plaintiff refers to Carrington as the previous servicer throughout her Emergency Motion. *See id.* at 4–6. Plaintiff later refers to Wilmington as being assigned the loan in January 2019. *Id.* at 6.

2

Dkt. 4 at 3–4. Plaintiff contends on July 11, 2007, she obtained a mortgage loan from Bank of America in the original principal amount of $1,490,900.00 secured by a Deed of Trust to PRLAP, Inc., Trustee. *See id.* at 4–5. Plaintiff asserts she made timely payments until early 2012. *See id.* at 5. Plaintiff alleges she has filed three bankruptcy cases in the Eastern District of Texas, all of which have been dismissed. *See id.* at 5–7. Plaintiff asserts in May 2019, she began to receive letters and flyers from real estate investors offering to buy her home, but had not received a notice of default or acceleration. *Id.* at 7. Plaintiff alleges a foreclosure sale of her home occurred on August 6, 2019. *See id.* at 14.

Plaintiff asserts she is entitled to a TRO to ensure her and her family "are not forcibly removed from the[ir] home on October 21, 2022 at 10am." *Id.* at 17. Plaintiff states the irreparable harm will be a "complete deprivation of the 5th and 14th amendment in it's [sic] entirety, because it takes the way of procedural fairness of concerning 'property' which will leave my family on the street at 10am on October 21, 2022, with no where to go our turn, after only given 48 hours to vacate an 8000 sq ft home, which is not humanely possible." *Id.* at 18. Plaintiff further states the "scales of equity sharply tip in favor of upholding fundamental First Amendment Values" and public interest weighs in her favor because "it would not be equitable or in the public's interest to allow the state . . . to violate the requirements of federal law in Regulations of Consumer Financial Protection Laws Regulation X . . . ." *Id.*

## II. LEGAL STANDARD

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Courts in the Fifth Circuit have made clear that temporary restraining orders and preliminary injunctions constitute "extraordinary and drastic remed[ies]," which are "not to be

granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.1985)); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued.").

To obtain such relief, a party seeking a TRO and/or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor, and (4) an injunction is in the public interest. *See Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)). The movant has the burden of introducing sufficient evidence to justify the granting of a preliminary injunction or temporary restraining order. *See PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). Injunctive relief "should only be granted if the movant has clearly carried his burden of persuasion on all four factors." *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 681 (N.D. Tex. 2015) (citing *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The decision to grant or deny an injunction is "left to the sound discretion of the district court." *Id.*

### III. DISCUSSION

From the information before the Court, it appears the foreclosure sale of Plaintiff's home occurred on or about August 6, 2019; however, Plaintiff has maintained possession of the property up until today. *See* Dkt. 4 at 14. At some point, it appears Plaintiff was notified that Defendants would forcibly remove Plaintiff from the property, if necessary, on October 21, 2022, at 10:00 a.m.

*See id.* at 18. On October 20, 2022, Plaintiff filed the Emergency Complaint (Dkt. 1) and, on October 21, 2022, at 10:06 a.m., Plaintiff filed the Emergency Motion (Dkt. 4).

Because the foreclosure sale has already occurred, Plaintiff is no longer the owner of the property. The Court has no power to change the ownership of the property, as part of a request for injunctive relief, unless Plaintiff succeeds on an affirmative claim related to foreclosure. *See Cantu v. Bank of Am., N.A.*, No. 4:13-cv-338, 2013 WL 12124078 (E.D. Tex. Aug. 20, 2013), *R. & R. adopted*, 2013 WL 12125737 (E.D. Tex. Sept. 20, 2013); *Younkman v. Payton*, No. 4:18-cv-568, 2018 WL 4856777, at *2 (E.D. Tex. Aug. 20, 2018) *R. & R. adopted*, 2018 WL 4854075 (E.D. Tex. Oct. 5, 2018) ("Plaintiff files this motion to stop the eviction proceedings. Plaintiff did not seek injunctive relief in this Court prior to foreclosure. Now that foreclosure has taken place and the Property has been sold, the Court will not intervene in the state court proceedings on the issue of possession. Plaintiff has failed to satisfy the burden for granting an injunction . . . ."); *Green v. Bank of America, N.A.*, No. 4:13cv92, 2013 WL 12124077, at *1 (E.D. Tex. Nov. 4, 2013) ("The Court declines Plaintiffs' request. Plaintiffs waited to file this request until the Friday before the foreclosure, when they would have had notice much sooner, and there is no showing of a likelihood of success on the merits.").

The "likelihood of success is the 'main bearing wall' of the test." *Baker v. U.S. Hous. & Urban Dev.*, No. SA:10-cv-1049, 2019 WL 7759504, at *5 (W.D. Tex. Oct. 2, 2019) (quoting *Belknap v. Bank of America, N.A.*, No. G-12-198, 2012 WL 3150271, at *3 (S.D. Tex. Aug. 1, 2012)). Plaintiff filed the Emergency Complaint (Dkt. 1) and Emergency Motion (Dkt. 4) to stop eviction proceedings more than three years after the foreclosure sale, and without any evidence in support. Because Plaintiff has not demonstrated a substantial likelihood of success on the merits,

the "extraordinary and drastic remedy," of a TRO or preliminary injunction is not warranted. *White*, 862 F.2d at 1211.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's Emergency Complaint (Dkt. 1) and Emergency Motion (Dkt. 4) be **DENIED** to the extent Plaintiff requests a temporary restraining order and/or injunction.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## V. ORDER

To the extent Plaintiff is requesting expedited consideration of her Emergency Complaint (Dkt. 1), the Court **DENIES** Plaintiff's request for expedited consideration.

**So ORDERED and SIGNED this 21st day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE